IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

TYRONE LAVERNE BILLS, SR., )
deceased, by and through his mother, )
ETTA MAE DANIELS, as Personal )
Representative of his estate, ) No. CIV-09-00974-D
)
                          Plaintiff, )
vs. )
THE CITY OF OKLAHOMA CITY, )
OKLAHOMA, a municipal corporation; )
DUSTIN MOTLEY, individually and in his )
official capacity as a police officer for the )
City of Oklahoma City, Oklahoma; et al., )
                       Defendants. )

## ORDER

Before the Court is the Motion of Defendant Dustin Motley ("Motley") to dismiss the claims asserted against him in his official capacity [Doc. No. 79]. Defendant Motley does not seek dismissal of the claims against him in his individual capacity. Also before the Court is the joint motion of Defendants Thomas Howell, Richard Steele, Michael Brenton, Christian Pitts, Phillip Hoile and Steve Bennett [Doc. No. 101] to dismiss the claims asserted against them in their official capacities; these defendants are also sued in their individual capacities, but do not seek dismissal of the individual capacity claims. Because the two motions raise the same issues, both are addressed herein, and the movants are identified collectively as "Defendants."[1] Plaintiff has timely responded to the motions[2] and Defendants have filed a replies.

Motley, an Oklahoma City police officer, is one of several defendants which Plaintiff sues

---

[1]Defendant William Citty has filed a motion to dismiss all claims asserted against him in his individual and official capacities; defendant Phillip Hoile has also filed a separate motion seeking dismissal of the individual capacity claims asserted against him. Because those motions raise additional issues not raised by these defendants, they will be addressed in separate orders.

[2]Plaintiff also filed a Motion to Strike all pending motions to dismiss [Doc. No. 130]. By separate Order filed herein, the Court denied that motion.

in both individual and official capacities in this suit asserting 42 U. S. C. § 1983 claims. Those claims allege that the defendants violated the constitutional rights of Tyrone Laverne Bills, Sr. ("Bills") during an incident in which Oklahoma City police officers attempted to apprehend Bills because of a reported domestic battery. During the police pursuit of Bills, he was shot and killed. Motley is alleged to have fired the fatal gunshot.[3] Among Plaintiff's allegations is the contention that Motley's actions constituted the use of excessive force in violation of Bills' Fourth Amendment rights. At the time of the incident, defendants Howell, Steele, Brenton, Pitts, Hoile and Bennett were also Oklahoma City police officers,[4] and Plaintiff alleges they were present during the incident at issue.

Defendants argue that, because Plaintiff has also sued their employer, the City of Oklahoma City ("City"), the official capacity claims directed against Defendants are redundant because such claims are essentially claims against the City. Defendants are correct, as it is well settled that a § 1983 claim against an employee in his official capacity is, in reality, an action against the government entity which employs him. *Moss v. Kopp,* 559 F. 3d 1155, 1168 n. 13 (10th Cir. 2009) ( citing *Kentucky v. Graham,* 473 U.S. 159, 165-66 (1985)); *Biehl v. Salina Police Dept.*, 256 F. App'x 212, 214 (10th Cir. 2007) (unpublished opinion) (citing *Thompson v. City of Lawrence*, 58 F. 3d 1511, 1517 (10th Cir. 1995)); *Graves v. Thomas*, 450 F. 3d 1215, 1218 (10th Cir. 2006). Thus, there is no need to bring an official capacity suit against a government employee based on the implementation or execution of a governmental policy where the employing governmental entity is also named as a defendant. *Pietrowski v. Town of Dibble*, 134 F. 3d 1006, 1009 (10th Cir. 1998).

---

[3]Plaintiff contends that other Oklahoma City police officers also fired shots at Bills, a contention which is not the subject of this motion.

[4]According to the motion, Hoile and Bennett are now retired.

In such cases, it is only the liability of the employing municipality that is at issue. *Brandon v. Holt*, 469 U. S. 464 (1985).

In this case, Plaintiff has sued the City, arguing that it is liable for the alleged constitutional violations committed by Defendants and others; she contends Defendants were carrying out an official policy or custom of the City when they allegedly violated Bills' rights. Alternatively, she alleges the actions were taken by individual defendants who had final policy making authority for the City. Whether Plaintiff can prove these allegation is not the subject of Defendants' motions, and the only issue they raise is whether they can be sued in both their official and individual capacities when their employer, the City, has also been sued and is alleged to be liable for their conduct.

Plaintiff's response does not offer argument or authority which authorizes a suit against Defendants in their official capacities where she has also sued the City in an attempt to hold it liable for their allegedly unconstitutional conduct. Plaintiff expends considerable argument in an attempt to show that Defendants were policymakers. While the Court agrees with Defendants that the exhibits submitted by Plaintiff in support of that argument do not show that they had policy making authority, whether Plaintiff can prove that allegation need not be addressed by the Court in ruling on the pending motions. Even if Plaintiff can prove any of the Defendants is a policymaker, such proof does not support an official capacity suit against Defendants where she has also alleged the City is liable. Instead, final policymaking authority is one potential basis for holding the City liable under § 1983 for the allegedly unconstitutional acts of its employees. It has long been established that § 1983 municipal liability may not be based on a *respondeat superior* theory. *Board of County Com'rs v. Brown*, 520 U.S. 397, 403 (1997); *Monnell v. New York City Dept. of Social Services*, 436 U.S. 658, 690 (1978). However, a municipality may be liable under § 1983 for the constitutional

torts of its employees, including police officers, if the officers' unconstitutional actions "were representative of an official policy or custom of the municipal institution, or were carried out by an official with final policy making authority with respect to the challenged action." *Orr v. City of Albuquerque*, 417 F. 3d 1144, 1153-54 (10th Cir. 2005); *Brown*, 520 U.S. at 403-404. In either case, however, "[a] municipality may not be held liable where there was no underlying constitutional violation by any of its officers." *Hinton v. City of Elwood*, 997 F. 2d 774, 782 (10th Cir. 1993). An action against an official of the municipality for his conduct in implementing policy, or his purported role as a policymaker, is thus a means of holding the municipality liable for that conduct. *Brandon v. Holt*, 469 U. S. 464, 471 (1985); *Monnell,* 436 U.S. at 690.

In this case, Plaintiff has sued the City and seeks to hold it liable for Defendants' conduct; thus, official capacity claims against Defendants duplicate her claim against the City. Because the City is potentially liable for the conduct of Defendants, there is no need to assert official capacity claims against them.

Plaintiff apparently recognizes this, as a considerable portion of the response brief is devoted to the argument that the *City* may be liable for Defendants' conduct. However, the City has not filed a motion to dismiss the Amended Complaint, and Plaintiff's arguments are thus not pertinent to Defendants' motions.[5] Similarly, Plaintiff's authorities addressing issues of qualified immunity, *e.g., Butler v. City of Norman*, 992 F.2d 1053 (10th Cir. 1993), do not discuss the propriety of bringing an official capacity claim against an individual whose employing entity is also a defendant in the same case.

---

[5]Plaintiff's argument that dismissing the official capacity claims against Motley could constitute a dismissal of her claims against the City is not supported by any applicable authority. In fact, as noted *supra*, the City has not filed a motion to dismiss any claim asserted against it.

Defendants' motions to dismiss [Doc. Nos. 79 and 101] the official capacity claims asserted against them are GRANTED. This action will proceed against these defendants in their individual capacities; however, defendant Hoile's motion to dismiss the individual capacity claims asserted against him will be addressed in a separate order.

Also pending before the Court is Plaintiff's motion to file a Second Amended Complaint for the purpose of identifying certain defendants previously named as "John Doe" defendants. That motion will be addressed in a separate order; however, Plaintiff is directed that, if a Second Amended Complaint is authorized by the Court, she must comply with this Order and any other orders addressing pending motions to dismiss individual or official capacity claims.

IT IS SO ORDERED this 10th day of September, 2010.

_____
TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE