# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| TYRONE LAVERNE BILLS, SR., ) <br> deceased, by and through his mother, ) <br> ETTA MAE DANIELS, as Personal ) <br> Representative of his estate, ) <br> ) <br> Plaintiff, ) <br> vs. ) <br> THE CITY OF OKLAHOMA CITY, ) <br> OKLAHOMA, a municipal corporation; ) <br> DUSTIN MOTLEY, individually and in his ) <br> official capacity as a police officer for the ) <br> City of Oklahoma City, Oklahoma; et al., ) <br> ) <br> Defendants. ) | No. CIV-09-00974-D |

## ORDER

Before the Court is the Motion to Dismiss [Doc. No. 99] filed by Defendant Phillip Hoile ("Hoile"), seeking dismissal pursuant to Fed. R. Civ. P. 12(b)(6) of the claims asserted against him in his individual capacity.[1] Plaintiff timely responded to the motion, and Hoile filed a reply.

I. Background:

Plaintiff brings this action pursuant to 42 U. S. C. § 1983, alleging the defendants violated the constitutional rights of the decedent, Tyrone Laverne Bills, Sr. ("Bills"). In the Amended Complaint, Plaintiff claims against numerous defendants are based on a December 25, 2007 incident in which Bills was fatally shot by Oklahoma City Police Officer Dustin Motley ("Motley")[2] while Motley and other officers were attempting to apprehend Bills in connection with a reported domestic battery. Plaintiff alleges Defendants violated Bills' Fourth and Fourteenth Amendment rights by

---

[1] In a separate motion [Doc. No. 101] filed jointly with several other defendants, Hoile seeks dismissal of the claims asserted against him in his official capacity. That motion is addressed in a separate order.

[2] Plaintiff also appears to contend that other police officers also fired shots at Bills; whether that contention is properly alleged is not the subject of Citty's motion and need not be addressed in this Order.

unlawfully seizing him and using excessive force; she also asserts Eighth and Fourteenth Amendment claims premised on Defendants' alleged deliberate indifference to Bills' serious medical needs following the shooting. Plaintiff also alleges Defendants' actions were motivated by Bills' race and violated the Fourteenth Amendment's equal protection clause.

Hoile and other defendants named by Plaintiff are Oklahoma City police officers and emergency response personnel; she also sues William Citty, who was the Oklahoma City Chief of Police at the time of the incident. In addition, she names the City of Oklahoma City (" City") as a defendant, seeking to hold it liable as the municipality employing the other defendants.

At the time of the incident, Hoile was a lieutenant with the Oklahoma City police, holding the position of Homicide Unit Supervisor.[3] The Amended Complaint contains the following allegations regarding Hoile:

> Officer Lt. Phillip Hoile, Homicide Unit Supervisor, formerly sued as John Doe 6, individually and in his capacity as a supervisory employee of Oklahoma City, Oklahoma. On information and belief, Defendant Officer Lt. Hoile, authorized, supervised, and/or assisted Officers and other Defendants in concealing the fact that Mr. Bills was unarmed at the time of the shooting and in confiscating property including but not limited [sic] a gun at the residence of Mr. Bills immediately after Mr. Bills' death. **Plaintiff's Exhibit 1**, at p. 8 Comments(s) by Chai S Choi, M. D. (Redacted Report of Investigation by Office of the Chief Medical Examiner, Board of Medicolegal Investigations).

Amended Complaint, ¶ 9. The Amended Complaint contains no other allegation regarding Hoile, and does not mention his name or his position as Homicide Unit Supervisor.[4]

Hoile argues the Amended Complaint fails to state a plausible claim for relief against him

---

[3]Hoile is now retired.

[4]As Hoile points out, Plaintiff's Exhibit 1 to the Amended Complaint is the Medical Examiner's report regarding Bills. However, page 8 of that report does not mention whether Bills was unarmed at the time of the fatal shooting, nor does it contain any reference to the alleged confiscation of a gun or any other property. A review of the entire report reflects no such references at any page.

in his individual capacity and seeks dismissal pursuant to Rule 12(b)(6). Alternatively, he seeks dismissal on qualified immunity grounds.

In response, Plaintiff initially argues the Court must not, in ruling on the motion, consider material outside the Amended Complaint unless it first converts the motion to a summary judgment motion. Next, Plaintiff argues that errors in identifying defendants in the Amended Complaint are the fault of the defendants' counsel, arguing that the City's redaction of documents thwarted Plaintiff's attempt to identify defendants originally named as John Does and to obtain documents necessary to frame the allegations.[5] Plaintiff also contends the Amended Complaint alleges sufficient facts to state a claim for relief against Hoile in his individual capacity; although she concedes he is identified in only one paragraph, she argues the subsequent allegations are sufficient because they allege <u>all</u> defendants engaged in unconstitutional conduct.

II. Rule 12(b)(6) Standards:

a. Consideration of material outside the amended complaint:

Although the Court's determination of a Rule 12(b)(6) motion is generally limited to the sufficiency of the pleadings, material outside the pleadings may be considered in some circumstances. Specifically, the Court may review material submitted as an exhibit to a pleading or incorporated or referenced in the complaint; documents relied upon by a plaintiff as an integral basis for his claims may also be considered. *Tal v. Hogan,* 453 F. 3d 1244, 1265 n. 24 (10th Cir. 2006). Where documents are central to a plaintiff's claims, they may be properly considered in a motion to dismiss, and conversion to a summary judgment motion is not required. *Jacobsen v. Deseret Book Co.*, 287 F. 3d 936, 941 (10th Cir.2002).

---

[5]Plaintiff's arguments regarding alleged inadequacies in Defendants' responses to discovery requests have previously been addressed by the Court and are no longer at issue.

Consideration of material outside the pleadings is also permissible in testing the sufficiency of § 1983 allegations. "In analyzing the sufficiency of plaintiff's § 1983 claims, the court is not limited to the four corners of the complaint, but may also consider documents referred to in the complaint." *Pace v. Swerdlow*, 519 F. 3d 1067, 1072 (10th Cir. 2008).

In this case, although Plaintiff contends material outside the pleadings should not be considered, Plaintiff's response brief is accompanied by over 20 exhibits, and she refers to those exhibits in her arguments. Furthermore, the Amended Complaint is accompanied by exhibits. Although Plaintiff argues in her response brief that the Court must disregard those exhibits as not central to her claims, Plaintiff expressly cites those exhibits throughout the Amended Complaint. She apparently believed the exhibits were central to her claims, otherwise, there would be no point in citing them in the Amended Complaint.[6] Accordingly, contrary to her response argument, they may properly be considered in ruling on Hoile's motion. Hoile does not attach to his motion any exhibit or ask the Court to consider material outside the scope of the Amended Complaint and the exhibits expressly incorporated therein.

The Court concludes that, despite Plaintiff's argument to the contrary, the exhibits submitted with the Amended Complaint may be considered in ruling on the Rule 12(b)(6) motion. The additional exhibits submitted with her response brief, however, are generally irrelevant to the question whether the Amended Complaint is sufficient to withstand Hoile's motion. Instead, they appear to be submitted for consideration in the event the Court determines the motion should be converted to one seeking summary judgment. The Court will not convert the motion; instead, it will

---

[6] Although Plaintiff states these were included to show only that Defendants' redactions thwarted her efforts to properly identify additional defendants, that does not explain why she repeatedly cited those exhibits in support of the allegations in the Amended Complaint.

consider only the sufficiency of the allegations in the Amended Complaint, including the exhibits which are incorporated therein. Therefore, the additional exhibits accompanying Plaintiff's response need not be considered.

b.  General rules governing Rule 12(b)(6) motions:

To avoid dismissal pursuant to Rule 12(b)(6), a complaint "must contain enough factual allegations to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007); *Robbins v. Oklahoma*, 519 F. 3d 1242, 1247 (10th Cir. 2008); *VanZandt v. Oklahoma Dept. of Human Services*, 276 F. App'x 843, 846 (10th Cir. 2008) (unpublished opinion).

To state a plausible claim for relief, "the Plaintiff has the burden to frame a 'complaint with enough factual matter (taken as true) to suggest' that he or she is entitled to relief." *VanZandt*, 276 F. App'x at 846 (quoting *Robbins*, 519 F. 3d at 1247.) "Factual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U. S. at 555. Thus, plaintiffs must allege sufficient facts to "nudge[ ] their claims across the line from conceivable to plausible." *Id.* at 570; *Robbins*, 519 F. 3d at 1247. The Tenth Circuit has explained the plausibility requirement as follows:

> "[P]lausibility" in this context must refer to the scope of the allegations in a complaint: if they are so general that they encompass a wide swath of conduct, much of it innocent, then the plaintiffs "have not nudged their claims across the line from conceivable to plausible." The allegations must be enough that, if assumed to be true, the plaintiff plausibly (not just speculatively) has a claim for relief.

*Robbins*, 519 F. 3d at 1247 (quoting *Twombly*, 127 S. Ct. at 1974). The "mere metaphysical possibility that some plaintiff could prove some set of facts in support of the pleaded claims is insufficient; the complaint must give the court reason to believe that *this* plaintiff has a reasonable

5

likelihood of mustering factual support for *these* claims." *Ridge at Red Hawk, L.L.C. v. Schneider*, 493 F. 3d 1174, 1177 (10th Cir. 2007) (emphasis in original).

Although the Court must construe well-pleaded facts as true, not all factual allegations are "entitled to the assumption of truth." *Ashcroft v. Iqbal*, __U.S. __, 129 S.Ct. 1937, 1951 (2009). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged-but it has not 'show[n]'-'that the pleader is entitled to relief.'" *Id.* The Court need not accept as true the assertions in a complaint which "amount to nothing more than a 'formulaic recitation of the elements'" of a claim. *Ashcroft,* 129 S. Ct. at 1951 (quoting *Twombly*, 550 U.S. at 554-555).

c. Rule 12(b)(6) standards in § 1983 claims:

In *Robbins* and *VanZandt*, the Tenth Circuit applied the *Twombly* plausibility requirements to a § 1983 claim for relief. According to the Circuit, the nature of § 1983 claims increases the importance of requiring specific factual allegations because "state actors may only be held liable under § 1983 for their own acts." *Robbins*, 519 F. 3d at 1251. (emphasis added). As the Circuit explained:

> Therefore it is particularly important in such circumstances that the complaint make clear exactly *who* is alleged to have done *what* to *whom*, to provide each individual with fair notice as to the basis of the claims against him or her, as distinguished from collective allegations against the state.

*Robbins*, 519 F. 3d at 1250 (emphasis in original). In *Robbins,* the plaintiffs sued several defendants in their individual capacities; they alleged the defendants collectively engaged in certain specific conduct which violated the plaintiffs' rights. According to the Circuit, the collective allegations were insufficient because the plaintiffs failed to identify the wrongful acts allegedly committed by each defendant:

6

> Given the complaint's use of either the collective term "Defendants" or a list of the defendants named individually but with no distinction as to what acts are attributable to whom, it is impossible for any of these individuals to ascertain what particular unconstitutional acts they are alleged to have committed.

*Robbins*, 519 F. 3d at 1250. Thus, the Circuit held that the allegations failed to satisfy both the *Twombly* plausibility requirements and the fair notice requirements of Fed. R. Civ. P. 8. *Id.* at 1250-51.

The Tenth Circuit has also stressed the importance of factual allegations in a § 1983 claim where qualified immunity is likely to be asserted as an affirmative defense. *Robbins*, 519 F. 3d at 1249; *VanZandt*, 276 F. App'x at 847. As the Circuit explained in *VanZandt*:

> Although we apply the same standard in evaluating dismissals in qualified immunity cases as to dismissals generally, complaints in § 1983 cases against individual government actors pose a greater likelihood of failures in notice and plausibility because they typically include complex claims against multiple defendants. [citing *Robbins*, 519 F. 3d at 1249]. The *Twombly* standard has greater "bite" in these contexts, "reflecting the special interest in resolving the affirmative defense of qualified immunity 'at the earliest stage of a litigation.'" [citing *Robbins* at 1249 and omitting citations].

*VanZandt,* 276 F. App'x at 847. Accordingly, as Hoile argues in his motion, to state a plausible § 1983 claim for relief against him, Plaintiff must allege facts specifically identifying the conduct or inaction on which her claims against him are based.

III. Application:

To the extent Plaintiff seeks to hold Hoile liable in his individual capacity for the alleged deprivation of Bills' constitutional rights, the Amended Complaint fails to satisfy the specificity required under Rule 8 and to state a plausible claim for relief. A review of the allegations establishes that, other than identifying Hoile as Homicide Unit Supervisor and as a "supervisory employee" of the City, Plaintiff asserts no factual contentions to show the basis for her claims

7

against him. The allegations wholly fail to satisfy the Tenth Circuit's requirement that she identify the actions or inactions which she contends form the basis for Citty's § 1983 liability in his individual capacity. Contrary to her argument in the response brief, allegations against a group of defendants collectively are insufficient to withstand dismissal of a § 1983 claim; the Tenth Circuit has expressly so held. *Robbins*, 519 F. 3d at 1250.

Not only does the Amended Complaint fail to include the requisite specificity, it fails to allege that Hoile did anything, or failed to do anything, which purportedly caused the deprivation of Bills' constitutional rights.[7] Alleging that Hoile is a supervisor is not, without more, sufficient to render him potentially liable for the actions of the numerous officers Plaintiff names as defendants. A supervisor is individually liable under § 1983 only for his own actions. "Because vicarious liability is inapplicable to *Bivens* and § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Ashcroft*, __ U. S. __, 129 S.Ct. at 1948. Plaintiff has failed to satisfy that requirement.

Plaintiff devotes a considerable portion of her response to a discussion of additional exhibits submitted with the response brief, notwithstanding her contention that such exhibits should not be considered in ruling on the motion to dismiss. Her discussion appears to be an attempt to point to materials which she believes support the contention that, subsequent to the fatal shooting, police officers improperly searched Bills' residence and vehicle. Even if the Court were to consider these documents, however, they do not provide facts showing Hoile's involvement in an alleged violation

---

[7]Nor do the exhibits accompanying the Amended Complaint provide the requisite factual allegations regarding Hoile's alleged role in the constitutional violations. Hoile is not identified in those exhibits, and Plaintiff fails to argue that the exhibits reflect his personal involvement in any allegedly unconstitutional conduct.

of Bills' rights.

The Court concludes that the motion to dismiss the individual capacity claims against Hoile must be granted because Plaintiff has failed to allege a plausible § 1983 individual capacity claim for relief against him. However, the Court finds that Plaintiff should be allowed to attempt to cure the pleading deficiencies by amendment. Where, as here, Plaintiff does not expressly seek leave to amend in the event of dismissal[8], the Court is not required to consider the propriety of an amendment, and has the authority to dismiss the claims with or without leave to amend. *Brever v. Rockwell International Corp.*, 40 F. 3d 1119, 1131 (10th Cir. 1994). However, "'if it is at all possible that the party against whom the dismissal is directed can correct the defect in the pleading or state a claim for relief, the court should dismiss with leave to amend.'" *Id.* (quoting 6 C. Wright & A. Miller, Federal Practice & Procedure § 1483, at 587 (2d ed. 1990) and *United States v. McGee*, 993 F.2d 184, 187 (9th Cir. 1993)).

In this case, Plaintiff suggests that the additional documents produced after the Amended Complaint was filed provide sufficient information to properly state a plausible claim for relief against Hoile. While the documents she submits as exhibits to the response brief do not appear to support such a claim, the Court will permit her to attempt to cure the pleading deficiencies if she elects to pursue a claim against Hoile in his individual capacity.

Hoile also argues, however, that he is entitled to qualified immunity from § 1983 individual liability. "Qualified immunity protects government officials performing discretionary functions from individual liability in federal claims unless their conduct violates 'clearly established statutory or constitutional rights of which a reasonable person would have known.'" *Nielander v. Board of*

---

[8]Although Plaintiff refers in her response to her separate pending motion to file a Second Amended Complaint, she does not expressly seek leave in the event the Court grants Hoile's motion to dismiss.

*County Comm'rs,* 582 F. 3d 1155, 1166 (10th Cir. 2009) (quoting *Shero v. City of Grove*, 510 F. 3d 1196, 1204 (10th Cir.2007)). Where, as in this case, qualified immunity is asserted in a motion to dismiss, the correct standard for review is the same as for dismissals based on failure to state a claim for relief. *Archuleta v. Wagner,* 523 F. 3d 1278, 1281 (10th Cir.2008)(citing *Moya v. Schollenbarger*, 465 F. 3d 444, 455 (10th Cir.2006)).

Prior to the Supreme Court's decision in *Pearson v. Callahan*, 555 U. S.__, 129 S. Ct. 808 (2009), the qualified immunity analysis required a court to first determine whether the alleged conduct amounted to a constitutional violation and, if so, to then determine whether the right violated was clearly established at the time of the conduct. *Archuleta*, 523 F. 3d at 1283. In *Pearson,* however, the Supreme Court held that a court may consider the two-part test in any order it chooses; thus, the Court is "permitted to address whether the law is clearly established before addressing whether a constitutional violation has occurred." *Nielander*, 582 F. 3d at 1166 (citing *Pearson*, 555 U.S. at __, 129 S.Ct. at 818).

In this case, the Court cannot perform this analysis at this stage of the litigation because Plaintiff has failed to properly plead facts to show what constitutional right Hoile is alleged to have violated. Based on her own allegations and the reports included in the exhibits incorporated in the Amended Complaint, Plaintiff cannot plead facts to show that Hoile was present at the time of the fatal shooting or immediately thereafter. Apparently, she seeks to hold him liable on some basis other than the alleged use of unlawful force or deliberate indifference to medical needs, the primary claims asserted against those who were present at the scene. The Court will not speculate or attempt to predict what rights Plaintiff believes were violated by Hoile, and it will not assist in the framing of allegations. *Dunn v. White*, 880 F.2d 1188, 1197 (10th Cir. 1989), *cert. denied*, 493 U.S. 1059

(1990) (a court will not supply additional facts, nor construct a legal theory for plaintiff that assumes facts that have not been pled).[9]

Because the Court has authorized Plaintiff to amend to cure the deficiencies in the claims against Hoile in his individual capacity, whether he is entitled to qualified immunity from liability on those claims cannot be determined at this time. If Plaintiff pursues an individual capacity claim against Hoile in a Second Amended Complaint, however, Hoile may assert his qualified immunity argument in response to that claim.

IV. Conclusion:

For the foregoing reasons, Defendant Hoile's Motion to Dismiss [Doc. No. 99] is GRANTED. However, Plaintiff is granted leave to amend to assert claims against him in his individual capacity. Because there are pending before the Court other motions to dismiss as well as a separate motion to amend filed by Plaintiff, the Court will include a deadline for the filing of the Second Amended Complaint in a subsequent order after ruling on all pending dismissal motions.

IT IS SO ORDERED this 10th day of September, 2010.

_____
TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE

---

[9]The ruling in *Dunn* involved a *pro se* plaintiff; where, as here, Plaintiff is represented by an experienced attorney, the restrictions on the Court's role are even more applicable.