IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| 1. | TYRONE LAVERNE BILLS, SR., | ) |
| | Deceased, by and through his mother, | ) |
| | ETTA MAE DANIELS, as Personal | ) |
| | Representative of his estate, | )   No. Civ-09-974-D |
| | Plaintiffs, | )   2nd Amended Complaint |
| vs. | | ) |
| 1. | THE CITY OF OKLAHOMA CITY, | ) |
| | OKLAHOMA, a municipal corporation; | ) |
| 2. | DUSTIN MOTLEY, individually; | ) |
| 3. | THOMAS HOWELL, (formerly sued as | ) |
| | JOHN DOE 2, individually; | ) |
| 4. | RICHARD STEELE, (formerly sued as | ) |
| | JOHN DOE 3) individually; | ) |
| 5. | MICHAEL BRENTON, (formerly sued as | ) |
| | JOHN DOE 4) individually: | ) |
| 6. | CHRISTIAN PITTS AKA JOHN | ) |
| | CHRISTIAN PITTS, (formerly sued as | ) |
| | JOHN DOE 5) individually; | ) JURY TRIAL DEMANDED |
| 7. | JOHN DOES 8, individually; | ) |
| 8. | JOHN DOE 9, individually; | ) |
| 9. | JOHN DOE 10, individually. | ) |

## SECOND AMENDED COMPLAINT

COMES NOW THE PLAINTIFF, by and through her undersigned counsel, and hereby

amends her first amended complaint pursuant to the Court's September 10, 2010 Orders, Doc.

Nos. 163-167 as follows:

## PARTIES

The above and forgoing is incorporated herein by reference thereto.

### Plaintiff is:

1.    Etta Mae Daniels, is the mother and Personal Representative of the estate of  Tyrone

Laverne Bills, Sr. deceased.

1

**Defendants are:**

2.      THE CITY OF OKLAHOMA CITY, OKLAHOMA, a municipal corporation.      The

Council of the City of Oklahoma City establishes policies for police officers in the Oklahoma

City Police Department.

3.      Dustin Motley, individually, (hereinafter "Motley"), who was an employee of the City of

Oklahoma City Police Department and was acting within the scope of his employment at all

times relevant herein.

4.      Thomas Howell, formerly sued as JOHN DOE 2, individually (hereinafter "Howell"),

who was an employee of the City of Oklahoma City Police Department and was acting within the

scope of his employment at all times relevant herein. On information and belief, after Mr. Bills

was shot seven times by Defendant Motley (and possibly others), Howell handcuffed the severely

injured Mr. Bills and assisted in moving the person of Mr. Bills by dragging him face down with

hands cuffed behind his back thereby depriving Mr. Bills of medical treatment and causing his

death at the scene. On information and belief, these actions were taken prior to allowing Mr. Bills

medical treatment from the    Oklahoma City Fire Department or from EMSA both of whom

were on the scene and thereby caused the death of Mr. Bills.

5.      Richard Steele, formerly sued as JOHN DOE 3, individually (hereinafter  "Steele"), who

was an employee of the City of Oklahoma City Police Department and was acting within the

scope of his employment at all times relevant herein. On information and belief, after Mr. Bills

was shot seven times by Defendant Motley and possibly others, Steele assisted Motley and

Howell to handcuff the severely injured Mr. Bills and assisted in moving the person of Mr. Bills

by dragging him face down with hands cuffed behind his back thereby depriving Mr. Bills of

2

medical treatment and causing his death at the scene. On    information and belief, these actions were taken prior to allowing Mr. Bills medical treatment from the Oklahoma City Fire Department or from EMSA both of whom were on the scene and thereby caused the death of Mr. Bills.

6.      Michael Brenton, formerly sued as JOHN DOE 4, individually (hereinafter "Brenton"), who was an employee of the City of Oklahoma City Police Department and was acting within the scope of his employment at all times relevant herein. On information and belief, Defendant Brenton entered the backyard of 10804 North Military after Office Motley transmitted "shots fired" over the radio." On information and belief, Defendant Brenton assisted other Defendants in moving the person of Mr. Bills prior to allowing Mr. Bills medical treatment from the Oklahoma City Fire Department or from EMSA both of whom were on the scene and thereby caused the death of Mr. Bills. Defendant Brenton failed to provide medical treatment to Mr. Bills upon discovering he had been shot.

7.      Christian Pitts, also known as John Christian Pitts and formerly sued as JOHN DOE 5, individually (hereinafter "Pitts"), who was an employee of the City of Oklahoma City Police Department and was acting within the scope of his employment at all times relevant herein. On information and belief, Defendant Pitts entered the backyard of 10804 North Military and was at the scene with Defendant Officer Motley. On information and belief, Defendant Pitts assisted other Defendants in moving the person of Mr. Bills prior to allowing Mr. Bills medical treatment from the Oklahoma City Fire Department or from EMSA both of whom were on the scene and thereby caused the death of Mr. Bills

3

8.      JOHN DOES 8-10 have not been identified at this time.

## JURISDICTION AND VENUE

Plaintiff incorporates herein by reference thereto all of the above and forgoing allegations

and further states:

9.      This is a cause of action for violation of the deceased's rights under the Fourth and

Fourteenth Amendments of the United States Constitution as made actionable by 42 U.S.C.

1983. Jurisdiction is vested in this Court pursuant to 28 U.S.C. 331, 1343(a)(3),(4). Jurisdiction

is vested by 42 U.S.C. 1983.

10.     The parties are located in Oklahoma County, Oklahoma and all events alleged herein

occurred within Oklahoma County, Oklahoma, which is located in the Western District of the

United States District Courts. Venue is therefore proper under 28 U.S.C. Sec. 1391(b).

## STATEMENT OF FACTS

Plaintiff incorporates herein by reference thereto all of the above and forgoing allegations

and further states:

11.     On December 25, 2007, a 911 call was placed to the Oklahoma City Police Department at

approximately 6:50 p.m. for an alleged domestic disturbance.

12.     Defendant Officer Motley and then Defendant Officer Pitts were initially dispatched from

their location at Pearl's restaurant in Oklahoma City to 1201 West Hefner in response to the 911

call. Pitts and Motley were each assigned to a separate patrol car and were the first to arrive at

1201 West Hefner on December 25, 2007.

13.     Defendant Pitts was assigned as Defendant Motley's back up.

14.     When Officers Pitts and Motley arrived at 1201 West Hefner the domestic disturbance

4

had abated and the officers were informed of this status as well as being able to observe the

parties talking peacefully.

15.     However, Officers Pitts and Motley decided to pursue TYRONE LAVERNE BILLS, SR.

16.     On December 25, 2007, at approximately 7:00 p.m., TYRONE LAVERNE BILLS, SR.,

was being pursued by Oklahoma City police officers after they had been called to investigate a

domestic disturbance.

17.     Although the domestic disturbance had abated, Defendant Officer Dustin Motley and

other Officer Pitts chased Tyrone Bills using deadly force to seize Tyrone bills which consisted

of shooting Tyrone Bills seven or more times in the back from various ranges, causing serious

bodily harm to Tyrone Bills, and then moving the body of Tyrone Bills prior to rendering

medical treatment to Mr. Bills.

18.     On information and belief, more than one officer, including but not limited to Defendant

City's employees the Defendants Howell, Steele, Brenton, Pitts or identified John Does may have

participated in the shootings or contributed to the resulting death of Tyrone Bills.

19.     Officers Howell, Steele and Motley with assistance of other Defendants then moved the

critically injured Tyrone Bills prior to Tyrone Bills receiving medical attention which was

available from the Oklahoma City Fire Department (and EMSA) at this time.

20.     The actions of Defendants and possibly unidentified officers caused the death of Tyrone

Bills.

21.     Plaintiff Etta Daniels was appointed by the Oklahoma Country District Court as the

personal representative of Decedent Tyrone Bills in Case No. PB-2008-5 on January 30, 2008.

Decedent Tyrone Bills is survived by his Mother, his nine children, and other relatives.

22.     Decedent, Tyrone Laverne Bills, Sr., was unarmed at the time of the shootings.

23.     The actions of Defendant's and JOHN DOES were in accordance with the Defendant City of Oklahoma City's policies, customs, practices and procedures.

24.     The City of Oklahoma City has ratified and approved the actions of Defendant Motley and other Defendants. *Shepard v. CompSource Okla*., 2009 OK 25, 209 P, 3d 288 (Okla. 2009)(held the very act of providing a defense for the employee was a sufficient ratification of the employee's action to make the employer alone liable for the employee's conduct).

25.     The actions of Defendants amounted to one or all of the following violations:

a.      A violation of the Fourth Amendment in that the degree of force used, measured by each separate decision to discharge a firearm, was unreasonable and excessive.

b.      A violation of the Fourteenth Amendment in depriving the Decedent of life by conducted that was both deliberately indifferent to the Decedent's right to life and medical treatment which is shocking to the conscience or offends the Oklahoma City community's sense of fair play.

c.      To the extent that such actions were motivated in part by the African American ethnicity of the Decedent, such actions are a violation of the Equal Protection Clause of the Fourteenth Amendment.

d.      A wanton and willful use of excessive force or, in the alternative, a reckless use of excessive force.

e.      A wanton and willful denial of medical care or in the alternative, a reckless or negligent denial of proper medical care.

26.     The Defendant City of Oklahoma City, Oklahoma is liable to Plaintiff for such actions because:

      a.     The City caused a constitutional violation through a policy statement, ordinance, regulation, or decision officially adopted and promulgated by the municipality's officers regarding the use of force; and/or

      b.     The City ratified and approved the actions of Defendants; and/or

      c.     The training of the City of Oklahoma City was unconstitutionally deficient regarding the use of force of persons similarly situated to the Decedent; and/or

      d.     The City was deliberately indifferent to or, at the least, negligent in its hiring, selection, training, supervision and retention of the Defendants.

      e.     The City of Oklahoma City is liable for civil damages because its conduct violates clearly established statutory or constitutional rights of which a reasonable person would have known.

27.     The actions of the Defendants caused the death of the decedent.

28.     As a direct consequence of such actions, Decedent suffered actual damages, including but not limited to the loss of his life, and physical and mental pain and suffering.

29.     Decedent's estate consisting of his mother, siblings and children suffer actual damages, including but not limited to grief and loss of companionship. Defendants are liable for these injuries.

30.     Because of the willful and wanton nature of Defendants acts, or in the alternative, because Defendants and JOHN DOES 8-10 acts were in reckless disregard of Decedent's federal

7

rights, punitive damages should be assessed against Defendants and JOHN DOES 8-10,

individually.

31.     Because this death was the result of a constitutionally deficient act of policies and

training and because these deficiencies have resulted in a fatality and are likely to result in further

fatalities in the future, such actions are capable of repetition yet evading review. Moreover, the

mother, siblings and children of the Decedent are regularly within the City of Oklahoma City and

subject to the policies and procedures of the police department. Therefore, the death of TYRONE

LAVERNE BILLS, SR. does not meet the need for equitable and declaratory relief.

32.     Because of the deliberate withholding of medical care for the Decedent by Defendants,

the ability of medical personnel to save Decedent's life was compromised and as a result, the

Decedent suffered the loss of his life and physical mental pain and suffering, and his mother and

children suffer grief and loss of companionship.

33.     Plaintiff is entitled to reasonable attorney fees, costs and expenses under federal law.

        WHEREFORE, Plaintiff prays that this Court enter judgment against the Defendants and

in favor of the Plaintiff and award such relief as may be deemed appropriate including

assessment of actual, consequential, and punitive damages, attorney fees and costs, the

imposition of equitable relief to require the proper selection, training and supervision of police

officers by the City of Oklahoma City.

        Respectfully submitted this 12th day of October, 2010.

                                        S/Rebecca K. Schneider
                                        Rebecca Schneider, OBA #10602
                                        4901 Richmond Square, Suite 100
                                        Oklahoma City, OK 73118
                                        Telephone: 405-843-7000

8

Telecopier: 405-843-7033
Email: **schneideratlaw@msn.com**
And
*Signed by Filing Attorney with Permission*
*Of Attorney*
S/Warren W. Henson, III, OBA #13084
Warren W. Henson, III, P.C.
4901 Richmond Square, Suite 104
Oklahoma City, OK 73118
Telephone: 405-840-3889
Telecopier: 405-843-0322
ATTORNEY LIEN CLAIMED          Email: **skiphensoniii@yahoo.com**


## CERTIFICATE OF SERVICE

I hereby certify that on this 12th day of October, 2010, I electronically transmitted the **First Amended Complaint** to the Court Clerk using the ECF System for filing. The Court Clerk will transmit a Notice of Electronic Filing to the following ECF registrants:

Richard C. Smith, Assistant Municipal Counselor **rick.smith@okc.gov**
Counsel for Defendants City of Oklahoma City and Defendants Thomas Howell, Richard Steele, Michael Brenton and Christian Pitts in their individual capacity.


Susan A. Knight **sknight@fentonlaw.com**
Stacy Haws Felkner **shfelkner@att.net**
Counsel for Defendant Dustin Motley Individually


S/Rebecca K. Schneider
Rebecca K. Schneider